UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL BLUNT AND DEBORAH BLUNT** | **CASE NO.** 2:22-cv-1710 |
| **V.** | **JUDGE** |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON** | **MAG. JUDGE** |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Certain Underwriters at Lloyd's London ("Underwriters"), who, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully notifies this Court that the above-entitled case has been removed from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and, in support of said notice of removal, states as follows:

**I.   INTRODUCTION**

This is an insurance case. Plaintiffs allege that they are the owners of a home located at 8940-8942 Morrison Road in New Orleans, Louisiana. Plaintiffs allege that the home was insured under a policy of insurance written by Underwriters (the "Policy"). Plaintiffs allege that the home was damaged by Hurricane Ida on or about August 29, 2021; that such damage is covered under the Policy; and that they properly made a claim for such damage under the Policy (the "Claim"). Plaintiffs allege that Underwriters failed to timely and properly adjust and pay the Claim. On April 13, 2022, Plaintiffs filed suit in the Civil District Court for the Parish of Orleans, asserting claims of breach of contract and bad faith by Underwriters.

## II.  JURISDICTION

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), which provides as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

As discussed more fully below, this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and which is between citizens of different states.

### A.  Amount in Controversy

Plaintiff's petition for damages asserts that, in response to the Claim, "the following amount was required to be paid by [Lloyd's] for repair, damages and/or reimbursement: $120,810.05." Plaintiffs also seek bad faith damages and attorneys fees under La. R.S. 22:1892 and 22:1973. *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (observing that "[a]ttorney's fees are included in the computation of the jurisdictional amount only when they are expressly authorized under applicable state law"). Accordingly, the amount-in-controversy requirement is satisfied.

### B. Diversity of Citizenship

All properly joined parties are diverse:

#### 1. *Plaintiffs*

On information and belief, Plaintiffs are citizens of **Louisiana**.

#### 2. *Defendants*

The Underwriter that issued the Policy is Canopius US Insurance, Inc. ("Canopius"), which was incorporated in Delaware and has its principal place of business in Chicago, Illinois. Accordingly, Canopius (the Underwriters in this case) is a citizen of **Delaware** and **Illinois**.

## III. REMOVABILITY

### A. Timeliness

To be timely, a notice of removal must be filed within 30 days of service of the initial pleading. 28 U.S. Code § 1446(b)(1). The initial pleading in this case was the petition for damages, which was served on Amazon on May 11, 2022.[1] Accordingly, the notice of removal is timely.

### B. Consent

Where, as here, a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S. Code § 1446(b)(2)(a). Underwriters are the only defendant in this case.

## IV. CONCLUSION

WHEREFORE, Underwriters respectfully notifies this Court that this case has been removed, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

---

[1] Underwriters are in the process of obtaining a certified copy of the state court record and, as required by Local Rule 3.2, will provide same to the Court within 14 days of the date of removal.

271935687v.1

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

<u>Donald G. Cassels, III</u>
Kent M. Adams (La. Bar No. 2324)
909 Fannin Street, Suite 3300
Houston, Texas 77010
Telephone: (713) 353-2000
Facsimile: (713) 785-7780
Email: kent.adams@wilsonesler.com

-and-

Donald G. Cassels, III (La. Bar No. 33765)
650 Poydras Street, Suite 2200
New Orleans, Louisiana 70130
Telephone: (504) 702-1211
Facsimile: (504) 702-1715
Email: donald.cassels@wilsonelser.com

*Attorneys for Certain Underwriters at Lloyd's London*

4

271935687v.1

## **CERTIFICATE OF SERVICE**

I certify that the foregoing notice of removal has been served on all adverse parties by electronic mail on this 9th day of June, 2022.

/s/ Donald G. Cassels, III
Donald G. Cassels, III (La. Bar No. 33765)

271935687v.1